UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-41-HRW

LEONARD DAVID CONLEY, PLAINTIFF,

v.      MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and disability insurance benefits. The Court, having reviewed the record and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for a period of disability and disability insurance benefits on January 6, 2003 (Tr. 14), alleging disability beginning on October 1, 2000, due to shortness of breath, asbestosis, arthritis, hearing loss, high blood pressure, gout, ulcers, diabetes, high cholesterol, vision problems, chronic kidney stones, and knee and joint pain (Tr. 15). The application was denied

initially and on reconsideration (Tr. 14). On December 8, 2003, Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ") held an administrative hearing (Tr. 14, 17). At the hearing, Plaintiff, accompanied by counsel, testified (Tr. 14), as did Melissa Glannon, a vocational expert (hereinafter "VE") (Tr. 14).

Plaintiff was sixty-two years old at the time of the hearing decision (Tr. 15). He has a high school education (Tr. 15), and his past relevant work experience consists of work as a castor operator (Tr. 15).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent

him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 29, 2004, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled (Tr. 17). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability on October 1, 2000 (Tr. 15). The ALJ then determined, at Step 2, that Plaintiff suffers from medically determinable hypertension, diabetes mellitus, and early osteoarthritis of the right knee (Tr. 16). However, the ALJ found none of these conditions to be "severe" within the meaning of the Regulations (Tr. 16, 17). Accordingly, the ALJ found that Plaintiff was not disabled at Step 2 of the sequential evaluation process (Tr. 16, 17).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 10, 2005 (Tr. 5). Thereafter, Plaintiff filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 4 and 5], and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because, in determining that Plaintiff's impairments were non-severe, the ALJ improperly disregarded the medical evidence of record and substituted his

judgment for that of Plaintiff's treating physicians.[1]

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that, in finding Plaintiff's impairments to be non-severe, the ALJ improperly disregarded the medical evidence of record and substituted his judgment for that of Plaintiff's treating physicians. The Court finds this contention to be without merit.

It is well-established that an impairment, or combination of impairments, is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Basic work activity is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b) and 416.921(b). Examples include: walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking, understanding and carrying out simple instructions, use of judgment, responding to supervision, coworkers, and ususal work settings, and dealing with changes in routine. *Id*. The Plaintiff has the burden of proving that an impairment is severe. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). An impairment is not severe if

---

[1] The Plaintiff also contends that the ALJ improperly failed to consider Plaintiff's age, education, and work experience in considering Plaintiff's ability to work. However, the Court notes that Step 2 of the sequential analysis directs a finding of not disabled where the Plaintiff fails to demonstrate that he has a severe impairment, either alone or in combination, that meets the duration requirement in § 416.909. For the reasons discussed herein, Plaintiff has failed to do so, and as such, the Court does not reach this claim of error.

it is a slight abnormality or combination of abnormalities that minimally affects work ability regardless of age, education, and experience. *Id.* at 862; *See also*, 20 C.F.R. §§ 404.1521(a) and 416.921(a); *Farris v. Secretary of Health and Human Services*, 773 F.2d 85, 89-90 (6th Cir. 1985); Social Security Ruling (SSR) 85-28 (cum.ed. 1985).

Here, the ALJ found that Plaintiff's hypertension, diabetes, and osteoarthritis of the right knee, either alone or in combination, do not constitute severe impairments because none of these impairments significantly limit Plaintiff's physical or mental ability to do basic work activities. The Plaintiff argues, that in making this determination, the ALJ improperly disregarded the medical evidence of record and substituted his judgment for that of Plaintiff's treating physicians.

The Court disagrees. The ALJ both reviewed Plaintiff's ailments and discussed the reasons for finding them to be non-severe. First, the ALJ noted that Plaintiff has not treated for shortness of breath and/or asbestosis and Plaintiff's pulmonary examination and function studies were normal (Tr. 16). Thus, the ALJ determined that there was no medically determinable pulmonary impairment (Tr. 16). Next, the ALJ found that while Plaintiff had treated for left renal stenosis, he had not experienced a recurrence since the alleged onset date (Tr. 16). Nor was there any evidence of renal abnormality or residual complications (Tr. 16). The

ALJ therefore found that this was not a severe impairment (Tr. 16).

    The ALJ determined Plaintiff's gout to be non-severe because the Plaintiff admitted that he had not experienced a flare-up of gout in several years (Tr. 16). The ALJ likewise found that Plaintiff's arthritis and knee and joint pain are non-severe because, while the medical records revealed minimal spurring consistent with the early phases of osteoarthritis, those records also revealed a normal range of motion, without no findings of joint or spine limitation or abnormality (Tr. 16). The ALJ determined that Plaintiff's hypertension and diabetes mellitus are non-severe because both are considered to be well-controlled, and there is no evidence of end organ damage or hypertensive or diabetic symptomatology (Tr. 16). Finally, the ALJ found Plaintiff's complaints of hearing loss were belied by his ability to hear and understand conversational voice without difficulty (Tr. 16), and Plaintiff confirmed that medication and drops have successfully treated his dry eye condition (Tr. 232-233).

    Based on the foregoing and the Court's own review of the record, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff does not suffer from a severe impairment. Plaintiff has failed to show otherwise. While Plaintiff points to medical records indicating diagnosis and treatment for various conditions over the years, Plaintiff does not allege that any of these conditions

have had more than a minimal effect on his ability to work for any continuous twelve month period or point to any evidence in that regard. As correctly pointed out by the Defendant, the mere diagnosis of a condition says nothing about its severity. *Higgs, supra* at 863. Moreover, Plaintiff's treatment notes show that he has denied physical difficulties or problems to his treating physicians and reported hunting, fishing, and traveling as his hobbies in October 2002 (Tr. 16).

Plaintiff also maintains that, in finding Plaintiff's impairments to be non-severe, the ALJ improperly disregarded the testimony of his treating physician. The Court presumes the Plaintiff is referring to Dr. James A. Dennis. However, in the hearing decision, the ALJ gave reasons for rejecting the report from Dr. Dennis which suggested that Plaintiff was limited to less than sedentary exertion (Tr. 16, 136-147). Specifically, the ALJ determined that Dr. Dennis' opinion was based upon a review of the medical records rather than a physical examination. Further, the ALJ noted that Dr. Dennis only cited records for chronic prostatitis and kidney stones for the time period prior to the alleged onset date and cited no objective medical findings. As such, the ALJ accorded Dr. Dennis' opinion little weight because he found Dr. Dennis' assessment to be unsupported by objective medical findings and inconsistent with the overall medical record.

The Court finds, that because Dr. Dennis was not a treating physician, his

opinion was not entitled to great weight. *See, Crawford v. Commissioner of Social Security,* 363 F.3d 1155, 1160 (11th Cir. 2004). Moreover, the Sixth Circuit has held that a physician's opinion may be rejected if not based on sufficient medical data. *See, Young v. Secretary of Health and Human Services*, 925 F.2d 146, 151 (6th Cir. 1990). Thus, the ALJ, did not err in according the report of Dr. Dennis little weight. Accordingly, and for the reasons set forth herein, the Court finds that the ALJ's determination that Plaintiff was not disabled at Step 2 of the sequential evaluation process (Tr. 17) is supported by substantial evidence.

As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This October 25, 2005.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge

-10-